## VERPLANK ACKERMAN ET AL. v. JOHN H. KING.

Where a part owner of a steamboat brought suit against the other part own-
ers, setting forth his interest, and alleging that the defendants were so
managing it that it would result in ruinous loss, and prayed for an in-
junction, unless the defendants should indemnify him, and to prevent the
injunction the defendants executed to the plaintiff a bond, in which they
stipulated to save the plaintiff harmless from all loss, damage, debt, and
expense incurred for or on account of the said plaintiff in the steamer,
the bond becomes the contract for settlement, and the plaintiff is not liable
for subsequent, but only for his *pro rata* of existing, charges at the date of
the bond.

The fact that the boat was afterwards libeled in an admiralty proceeding, and
sold, did not oust the jurisdiction of the State court over the parties, the
plaintiff not having propounded his interest in the admiralty court.

In such a suit, the measure of the plaintiff's demand is his interest in the
boat at its value at the date of the bond of indemnity, subject to the then
existing debts.

APPEAL from Washington. The case was tried before
Hon. ROBERT E. B. BAYLOR, one of the district judges.

The record is exceedingly voluminous and complicated,
but the following facts may serve for an understanding of
the principles decided:

The defendant in error brought his action in the court
below against the plaintiff in error, setting up a copartner-
ship between all the parties to the suit in the purchase of
a steamboat called the Fort Henry. He complained that
he had been wrongfully removed as captain of the boat;
that he owned one-fifth of the boat; that the boat cost
$13,000; that he had an interest in the boat to the amount
of $3,600; that he was entitled, for services, as master, to
$700; that the boat was about to be used by the other
partners in a manner that would be ruinous to his interest.
He prays for a writ of injunction to restrain defendants
below from running or moving said boat, unless they gave
a bond of indemnity for his interest within thirty days;

that a dissolution of the copartnership might be decreed, an auditor appointed to adjust the partnership accounts; that the boat might be sold, partnership debts paid, and surplus divided among partners according to their interest. An indemnity bond was given by plaintiffs in error. This bond was payable to John H. King, and was conditioned to save said King from all loss, damage, debt, and expense incurred for or on account of the said King in the steamer Fort Henry. The boat was taken into their possession, and at Galveston it was libeled by the engineer, for his wages, in the United States district court. A large number of intervention claims were filed, on all of which judgments were obtained; and, under the decree of court, the boat was sold by the marshal for $6,000. Out of this sum the judgments against the boat and costs of court were paid, and the surplus divided between the plaintiffs in error, for the reason that they had given an indemnity bond to defendant in error for his interest in the boat. He seems not to have made himself a party to the admiralty suit.

The pleadings on both sides show that plaintiff and defendants were joint owners of the steamboat Fort Henry. The evidence shows that the value of the boat, at the time she was replevied by the defendants, was at least $12,000. The auditor's report establishes the following facts:
Dividing the boat into 130 shares, the plaintiff
   owned 34 7-11, making his interest in the
   boat,  - - - - - - -  $3,196 92
That the boat owed the plaintiff  - - -  897 00
 
                                        $4,093 92
The ? gregate indebtedness of the boat was
  $3 70 60, of which plaintiff's share was      818 08
 
                                          $3,275 84
The verdict of the jury was for $3,148 20, being less by $100 than the amount due the plaintiff, as shown by the

evidence and the auditor's report. This difference, proba-
bly, resulted from a disregard of the fractional shares.

The other material facts are given in the opinion of the
court. The defendants prosecuted error.

The case was argued by *F. H. Merriman*, for the plain-
tiffs in error, and by *Sayles & Bassetts* for the defendant in
error; but as the argument principally related to the pro-
ceedings in admiralty, the points are not given.

SMITH, J.—The plaintiffs in error replevied the steam-
boat Fort Henry on the 24th day of November, 1855, and
gave bond to King, conditioned to save him harmless from
all loss, damages, debt, and expenses that might thereafter
be incurred for or on account of the interest of King in the
boat. Upon the libel and complaint of Jacob Porter, made
in the federal court at Galveston, the boat was seized, under
admiralty process of attachment, and, on the 11th March,
1856, was condemned to be sold, in satisfaction of the
claims of Porter and other intervenors, amounting to
$4,391 21, costs included. The auditor reports, that it
did not appear that more than $581 14 of this amount was
for liabilities incurred before the date of the replevy of
the boat. She was sold on the 15th March, 1856, by the
United States marshal, at public auction, and purchased by
the defendants below, Ackerman & Baldridge, for $6,000,
which was applied to the payment of the debts; and the
residue was paid over to the defendants below, including
that part belonging to the plaintiff, King. This seizure,
condemnation, and sale were set up by the defendants below
in this case, and they contended that the plaintiff, King,
was bound by the amount for which the vessel was sold
in estimating the amount due him. This view of the case
the court refused to give the jury, but instructed them
that the rights of the parties were to be determined as they
stood at the date of the replevy, in November, 1855, and

that the defendants could not claim credits for any debt contracted, loss, or sacrifice on the boat, sustained after that date. In this we concur, and are of opinion, that the court was correct in holding that the plaintiff was not bound by the proceeding and sale in the federal court, after the replevy of the boat, in estimating the amount he was entitled to recover. The district court of Washington county had jurisdiction of the matters in controversy in this suit, and the defendants had taken the boat out of the custody of the law, and given bond, securing the interest of King in it at that date; and after that he could not, with any show of justice, be held bound by losses and sales made of the boat. She may not have been fairly sold, as was contended; and we must say some evidence tended to show the whole proceeding and sale were gotten up, at the request of Ackerman & Baldridge, for the purpose and intent to deprive King of his interest in the boat. But if the proceeding and sale had all been fairly made, it would be wrong to hold King bound by the amount she sold for as the criterion of her value at the date of the replevy; for she may have greatly deteriorated after the replevy, by use or decrease in value, for causes beyond his control, and for which he should not be held liable.

It is urged, that the verdict is excessive, and unsupported by evidence.

It was shown that the boat cost $13,000, and at the date of the replevy, and a few months after the purchase, had undergone no material injury; that King was interested in the boat $3,463 63⅔ of that amount, paid by him, and that the boat was indebted to him for wages and advances $897; and, upon calculation, it will appear that, after deducting from the costs of the boat all the debts due the defendant and other persons, the amount of King's share in the residue, when added to what is due him of the $897 debt, he should have a verdict for at least as much as was found by the jury; and in this estimate the defendants

have the benefit of $822 09 due other persons, not paid by them, as appears by the auditor's report. This may have been an error, but in favor of the defendants, and for which the cause will not be reversed.

There being no error apparent for which the judgment will be reversed, it is

AFFIRMED.